**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 99-4876

JUSTIN THOMAS PAGE,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-99-4)

Submitted: August 24, 2000

Decided: August 31, 2000

Before MICHAEL and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Haakon Thorsen, Charlotte, North Carolina, for Appellant. Brian Lee
Whisler, OFFICE OF THE UNITED STATES ATTORNEY, Char-
lotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Justin Thomas Page appeals his conviction and sentence imposed following a guilty plea to conspiring to possess with intent to distribute Lysergic Acid Diethylamide (LSD). Page's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967). Counsel states there are no meritorious grounds for appeal but raises the single claim of ineffective assistance of counsel. Page was notified of his right to file a supplemental brief but has not done so. In accordance with the requirements of Anders, we have considered the briefs on appeal and examined the entire record for meritorious issues. We find no error and affirm.

Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, such a claim is more properly addressed in a collateral proceeding in which counsel has the opportunity to respond to the allegations against him. See United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991). An ineffective assistance of counsel claim may be brought, however, when the record conclusively establishes counsel's representation was constitutionally ineffective. See King, 119 F.3d at 295.

The record does not conclusively establish Page's counsel rendered constitutionally ineffective assistance. Thus, we conclude Page's ineffective assistance of counsel claim should be raised in a motion pursuant to 28 U.S.C.A. § 2255 (West Supp. 2000).

Pursuant to Anders, this court has reviewed the record for potential error and has found none. Accordingly, we affirm Page's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal con-

2

tentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED